991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert CAIRELLI, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 92-3619.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before KENNEDY, MARTIN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-Appellant, Albert R. Cairelli, appeals from a judgment of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cairelli was convicted by a jury of four counts of aggravated robbery and three counts of having a weapon while under a disability. He was sentenced to serve 15 to 115 years in the Ohio State Penitentiary. At trial, portions of taped conversations between Cairelli and his then girlfriend, Patricia Smith, were introduced into evidence. These tapes were made after Cairelli's incarceration in the Clark County Jail and at the request of the Springfield Police Department. Cairelli's sole issue on appeal, and in his petition, is that his trial counsel's failure to file a motion to suppress these tapes violated his Sixth Amendment right to effective assistance of counsel.
 
 
 3
 In order to prevail on an ineffective assistance of counsel claim, Cairelli must show both that counsel's representation fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668 (1984), and that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A strong presumption exists "that counsel's performance [fell] within the 'wide range of professional assistance,' ... [and Cairelli] bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). Further, "[e]ffective assistance is presumed and the court will not question matters which involve trial strategy." United States v. Chambers, 944 F.2d 1253, 1272 (6th Cir.1991), cert. denied, 112 S.Ct. 1217, and 112 S.Ct. 1680 (1992). We conclude that trial counsel's representation did not fall below an objective standard of reasonableness.
 
 
 4
 Trial counsel knew of the tapes sometime prior to trial commencing. He reviewed those tapes prior to trial, and allowed Cairelli to review them. Those tapes produced a "mixed bag" of evidence. In Cairelli's favor, the tapes contained numerous and often vehement denials of guilt as to the robberies. Working against Cairelli were his comments that he had to "get an alibi," that he "masterminded" the whole thing, and a few other statements that reflected poorly upon Cairelli's character. As to the alibi statement, trial counsel effectively argued that it was made in relation to a possible drug related charge, and not in relation to the robberies.
 
 
 5
 We find no reason to disturb the district court's conclusion that the decision to allow these tapes into evidence was trial strategy. We do not believe that trial counsel's objections to the use of these tapes during trial indicates to the contrary. Counsel did not seek to exclude the statements made by Cairelli. Rather, argument was made that it would be better to have these statements come from Patricia Smith on the witness stand. This is consistent with counsel's claim that he wished to limit the introduction of damaging statements into evidence while allowing those statements that were helpful to his client into evidence.
 
 
 6
 Even assuming representation that fell below an objective standard of reasonableness, we do not believe there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Aside from the tapes, the evidence against Cairelli was quite strong. The evidence established Cairelli's association with the two accomplices, Hastings and Nichols, during the time of the robberies. The evidence also established that during this time Cairelli was making relatively expensive purchases with cash, and that Cairelli's legal income at that time was quite insubstantial. The last robbery victim positively identified Cairelli as one of the perpetrators. Most damaging, however, was the testimony of three witnesses, all of whom testified that Cairelli had admitted his involvement with the robberies.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.